CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 19 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES DALTON BELL,<br>    Petitioner, | Civil Action No. 7:08-cv-00107 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>DEPARTMENT OF JUSTICE,<br>FEDERAL BUREAU OF PRISONS,<br>UNITED STATES ATTORNEY<br>GENERAL,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner James Dalton Bell, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Bell is confined in a federal prison in Tucson, Arizona, and was not convicted or sentenced in this court. He asserts that he is seeking to vacate all federal criminal convictions, past and present, for all federal inmates, based on his allegation that important federal statutes were not properly enacted by Congress. Upon review of the record, the court finds that the petition must be dismissed for lack of jurisdiction.

Generally, a prisoner seeking to vacate his conviction or sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he was convicted and sentenced. See 28 U.S.C. § 2255 para. 1. On the contrary, a prisoner may seek judicial review of his own confinement under 28 U.S.C. § 2241 only in the district court with jurisdiction over the facility in which he is confined. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

Petitioner in this case is not confined within the jurisdiction of this court and was not sentenced by this court. If petitioner actually has some claims concerning the lawfulness of his detention or the execution of his sentence that are actionable under § 2241, he may submit such a petition to the United States District Court in Arizona with jurisdiction over the prison where he is currently housed. If he wishes to challenge the lawfulness of his criminal conviction or sentence, he may pursue a § 2255 motion in the district court in which he was sentenced. This court, however, must dismiss his current petition without prejudice for lack of jurisdiction over either of these habeas

1

claims. Furthermore, petitioner states no basis for this court's jurisdiction over his person, the persons of the numerous other federal inmates on whose behalf he claims to file this petition, or over the nonsensical claims set forth here, and the court finds none. Therefore, the court finds that his claims are "so patently without merit as to justify . . . the court's dismissal for want of jurisdiction." Hagans v. Lavine, 415 U.S. 528, 542-43 (1974). A final order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 19th day of February, 2008.

/s/ James C. Turk
Senior United States District Judge